**Rick Klingbeil, OSB No. 933326**
**Rick Klingbeil, P.C.**
2300 SW First Avenue, Ste. 101
Portland, Oregon 97201
Phone: 503-473-8565
E-Mail Address: rick@klingbeil-law.com
    Of Attorneys for Jill Brunelle as
    *Guardian Ad Litem* for Chloe Deely

## IN THE UNITED STATES COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **JILL BRUNELLE as *Guardian Ad Litem* for CHLOE DEELY**, a minor,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**SUSAN VAN LIEW**, individually and in her official capacity as Special Education Administrator for the Lincoln County School District; **STEVE BOYNTON**, individually and in his official capacity as Superintendent of the Lincoln County School District; **LINCOLN COUNTY SCHOOL DISTRICT**, a public school district within the state of Oregon; **LIZ MARTIN**, in her individual and official capacity as chairperson of the Board of Directors for the Lincoln County School District; **KAREN BONDLEY**, in her | Civil No.<br><br><br>**COMPLAINT  (Civil Rights / Disability Discrimination, Oregon Abuse Act)** |

**Page 1 - COMPLAINT  (Civil Rights / Disability Discrimination, Oregon Abuse Act)**

RICK KLINGBEIL, PC
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

individual and official capacity as vice chairperson of the Board of Directors for the Lincoln County School District; **RON BECK**, in his individual and official capacity as a member of the Board of Directors for the Lincoln County School District; **KELLEY ELLIS**, in her individual and official capacity as a member of the Board of Directors for the Lincoln County School District; **TERRI WOODD**, in her individual and official capacity as a member of the Board of Directors for the Lincoln County School District; **CHRIS SULLIVAN**, principal of Taft Elementary School; **OREGON DEPARTMENT OF EDUCATION,** a public body; **ROB SAXTON**, Deputy Superintendent of Public Instruction in the State of Oregon; **CHARLES R. MARTINEZ, JR.,  SAMUEL HENRY, MIRANDA SUMMER,  JEROME COLONNA, ANGELA BOWEN, ANTHONY VELIZ,** in their individual and official capacities as a board members of the Oregon Department of Education,

Defendants.

**JURY TRIAL DEMANDED**

Plaintiff through his attorney files this Complaint, and alleges as follows:

## **INTRODUCTION**

1

Chloe Deely

Jill Brunelle ("Brunelle") is the parent and guardian of Chloe Deely ("Chloe").

Concurrent with filing this Complaint, Brunelle has petitioned this court for appointment

as Chloe's *guardian ad litem* in relation to this legal claim.

**Page** 2 **- COMPLAINT  (Civil Rights / Disability Discrimination, Oregon Abuse Act)**

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

2

Chloe is a student in the Lincoln County School District. Chloe has an

unbalanced chromosome disorder involving the tips of chromosomes two and ten. Only

four other people world-wide have been diagnosed with the same disorder and those

people are all related to Chloe. The symptoms of her disorder have manifested

themselves as severe autism. Chloe's chromosome disorder also expresses itself as

several other symptoms. Chloe is hypotonic, which means that she has low muscle

tone, and is globally delayed. Chloe has also been diagnosed with apraxia, dyspraxia,

and sensory integration and processing disorder. Chloe is non-verbal, and has a hard

time communicating and is unable to communicate when over stimulated, fearful or

stressed. Chloe is a "vulnerable person" as defined by ORS 124.100(1)(e), which is the

definition section for ORS 124.100(2), which sets forth the grounds for a civil action for

the abuse of a vulnerable person.

3

Oregon Department of Education

The Oregon Department of Education ("ODOE") is responsible for

implementation of state public education policy at the kindergarten through community

college level for matters not reserved to the local school districts and boards. The

ODOE is overseen by the state Board of Education acting through the Governor of

Oregon, who is the Superintendent of Public Instruction. The Governor has appointed a

Deputy Superintendent to act as chief administrator of the ODOE who carries out the

state policies set by the board and by the Oregon State Legislature.

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

4

The ODOE serves 199 elementary and secondary school districts and 20 education service districts, which serve over 500,000 students. The ODOE also assists local districts and boards with statutory and regulatory compliance. The board sets educational policies and standards for Oregon's public school districts, community college districts, and educational service districts.

5

Rob Saxton was and is Deputy Superintendent of Public Instruction in the State of Oregon.  As such, he was involved in oversight, management, policy enforcement, and policymaking for public education facilities throughout the state of Oregon, including the Lincoln County School District.

6

Charles R. Martinez, Jr., Samuel Henry, Miranda Summer, Jerome Colonna, Angela Bowen, and Anthony Veliz were board members of the Oregon Department Education.  As such, they were involved in oversight, management, policy enforcement, and policymaking for public education facilities throughout the state of Oregon, including the Lincoln County School District.

7

Lincoln County School District

The Lincoln County School District ("LCSD" or "District") is a municipal corporation that operates public schools in Lincoln County, Oregon. LCSD includes the communities of Yachats, Waldport, Eddyville, Newport, Siletz, Lincoln City, Otis, and

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

Toledo. The LCSD spans roughly 55 miles of the central Oregon Coast from Cascade
Head south to Cape Perpetua.


8

The LCSD includes Crestview Heights School (Waldport) (K-8); Taft Elementary
School (Lincoln City) (K-6); Oceanlake Elementary School (Lincoln City) (K-6); Sam
Case Elementary (Newport) (K-3); Newport Intermediate School (Newport) (4-6), and
Toledo Elementary School (Toledo) (K-6).

9

At all material times, Susan Van Liew ("Van Liew") was the Special Education
Administrator for the Lincoln County School District.  Van Liew was involved in
oversight, management, policy enforcement, and policymaking within the Lincoln
County School District. As such, she was directly involved in the policies, decision-
making processes, and conduct related to Chloe Deely as described herein.

10

Steve Boynton is and was Superintendent of the Lincoln County School District
and is involved in oversight, management, policy enforcement, and policymaking for the
District.

11

Liz Martin, Karen Bondley, Ron Beck, Kelley Ellis, and Terri Woodd were
members of the Board of Directors of the Lincoln County School District and were
involved in oversight, management, policy enforcement, and policymaking for the

RICK KLINGBEIL, PC
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

District.

12

Summary of legal claims at issue

This lawsuit alleges violations 42 U.S.C. §1983; Due Process and Equal

Protection Clauses of the Fourteenth Amended to the Constitution of the United States;

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq*; The Americans

with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*; and Physical Abuse of a

Vulnerable Person under ORS § 124.100 *et seq.*

## JURISDICTION, VENUE AND INTRA DISTRICT ASSIGNMENT

13

Jurisdiction for federal claims in this action is proper under 28 U.S.C. §§1331,

1343(3) and (4), and 42 U.S.C. §§1983 and 1988.

14

Jurisdiction for supplemental state claims is proper under 28 U.S.C. §1367.

15

The majority of the operative facts arose in Lincoln County, Oregon. A substantial

amount of facts related to treatment and damages arose and witnesses are present in

Portland, Oregon. Venue is therefore appropriate in the United States District Court for

the District of Oregon, Portland Division.

## RELEVANT FACTS AND CONDUCT

16

The acts and omissions set forth below constitute an ongoing course of conduct

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

by Defendants with respect to Plaintiff.

17

<u>Chloe's LCSD experience at Taft Elementary for the 2013-2014 School Year</u>

Chloe was voluntarily placed in disability foster care for almost a year starting in July 2012, and returned home from disability foster care on June 28, 2013. She adjusted very well and did not display any aggressive behaviors or self-harm. Chloe was happy to be home and was sleeping through the night. By the end of that summer, Tim Taylor, Chloe's then mental health medication management doctor, was satisfied with her progress. Chloe resumed private speech therapy, occupational therapy (OT) and physical therapy (PT) services in June 2013 and made so much progress that by the end of summer virtually all screaming, hitting, kicking, and biting disappeared.

18

Chloe attended Taft Elementary from September 2013 to June 2014. She was six years old and in the first grade in Melissa Goschie's ("Goschie") structured learning center classroom. Goschie is a certified special education teacher and general education teacher. She is the instructor in Taft Elementary's self-contained K-6th grade classroom. Laurie Sanders and Patty Utt were the classroom aides on Chloe's side of the classroom, and Annette Icenogle worked as an aide on the other side of the room. Matt Olsen was Chloe's speech therapist. He was in the classroom almost daily. Skye McCloud and Marcia Slack served as Taft Elementary's autism and behavioral specialists.

19

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

A self-contained K-6th grade classroom is one where students from all grades

and ages within that range are taught in different areas of the same classroom. During

the 2013-2014 school year, Chloe was six years old, but intellectually and emotionally

she was approximately equal to a two year old.

20

Gavin Mason was a student in Chloe's class at Taft. Gavin has Downs

Syndrome. He is bigger, stronger, and three years older than Chloe. Because of the

way the self-contained classroom works, he was often in close proximity to Chloe.

Chloe was subjected to bullying and repeated abuse at the hands of Gavin Mason for

the entire 2013-2014 school year.

21

Gavin was known by defendants to be physically aggressive and prone to violent

behaviors toward staff and other students.  Gavin would strike and push Chloe, who,

because of her low muscle tone and global delays, was unable to defend herself.

Because she is non-verbal, she was unable to ask for help or report to Brunelle what

was happening. Gavin also bullied other students throughout the school year.

22

Throughout the course of the 2013-2014 school year, Brunelle was unaware of

the bullying. She finally found out about it when, on August 11, 2014 Chloe's

grandmother was informed that Chloe was subjected to bullying and repeated abuse at

the hands of Gavin Mason during the entire 2013-2014 school year. Throughout the

next few months, some of the aides and teachers would sometimes corroborate the

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

facts about the bullying, but at times they refused to speak up for fear of losing their jobs or other forms of retaliation. Goschie would not corroborate the allegations to the police when they investigated because the district instructed her how to phrase and characterize her answers to their questions.  The aides in the classroom would not corroborate the allegations because their union instructed them not to say anything out of fear of losing their jobs or other forms of retaliation.

23

Brunelle did not know about the bullying until August of 2014. Before that time, however, she did see Chloe's previous behavioral progress being erased. When Chloe left disability foster care, she was behaving well, was listening to verbal commands, and was refraining from screaming, hitting, kicking, biting others, and self-harming behaviors. Over the 2013 summer, Chloe's private therapy OT suggested a brushing protocol to help Chloe deal with sensory defensiveness and help her better self-regulate. The brushing protocol helped. Brunelle saw an immediate decrease in Chloe's self-stimulating behaviors of having hands down her pants, standing on her head, screaming, hitting, and kicking those around her. The LCSD refused to do her brushing program at school citing inability to train staff and concerns they would do it incorrectly. Throughout the school year, she became less responsive and started screaming, standing on her head, and attacking her younger sister and care providers on a regular basis.  Brunelle repeatedly sought help from both LCSD and private therapists to understand and address Chloe's regressive behaviors.

24

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

Chloe is non-verbal and uses global communication to communicate her wants and needs. All communication goals to date had been focused on teaching Chloe to communicate her immediate wants and needs, to learn to use an iPad and sign language to communicate, to pronounce sounds correctly, and to shape her mouth correctly to pronounce speech sounds. Chloe's communication goals have not focused on getting her to communicate she is being abused. Because of fine and gross motor planning delay, Chloe is unable to quickly communicate she is in physical pain and/or danger and in need of immediate and/or long-term assistance.  As such, she will hit, pinch, bite, kick, scream, and cry to get the unwanted behavior against her to stop. As the 2013-2014 school year progressed, Chloe's behavior worsened and became a learned way to have her immediate needs met.  Her errant behavior became increasingly aggressive as the school year progressed and the bullying continued.

25

Chloe has sensory process disorder and sensory integration disorder.  She is unable to self-regulate when over-stimulated with noises, unexpected or sudden movement, bright lights, crowds, and unexpected physical contact.  When over-stimulated she loses the ability to communicate.  She has delayed fine motor planning skills and cannot protect herself.

26

Chloe's behavior became worse as the school year progressed. Chloe regularly went into a fetal position with her eyes covered when she saw the bus arrive to take her to school, and regularly had to be physically carried into the bus. Chloe started lashing

**Page** 10 - **COMPLAINT  (Civil Rights / Disability Discrimination, Oregon Abuse Act)**

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

out at her younger sister, Madeleine, and Brunelle was forced to buy a larger vehicle so she could transport both of her children safely.

27

The teachers and aides in the classroom and all visiting specialists were well aware of Gavin's abuse of Chloe, but did not prevent it from happening.

28

The teachers and aides reported the abuse to Chris Sullivan ("Sullivan"), the principal at Taft Elementary at that time, Susan Van Liew ("Van Liew"), and other district administrators multiple times.  Classroom staff repeatedly sought intervention because they were unable to keep Chloe safe without appropriate behavioral interventions. All requests were ignored and no intervention was undertaken by Taft Elementary's autism and behavioral specialists, Sullivan, Van Liew, or district administrators. Staff working directly with Chloe attempted to document the behavior, but an autism and behavioral specialist destroyed documentation of the abuse sometime during the school year. School and district administrators directed staff members not to tell Brunelle what was occurring, even though the staff was aware that Brunelle would take action to stop what was happening to Chloe.

29

The autism and behavioral specialists, Skye McCloud and Marcia Slack, refused to help with Gavin's behavior. Gavin's mother was highly defensive about Gavin and his behaviors and the entire staff preferred to avoid her.

30

**Page** 11 **- COMPLAINT  (Civil Rights / Disability Discrimination, Oregon Abuse Act)**

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

In the spring, Chloe's nanny saw Gavin attack Chloe's younger sister, Madeleine, from behind. Gavin attacked her twice. Chloe's nanny and a classroom aide intervened to keep Madeleine safe from harm. One of the classroom aides, Patty, said "Gavin is acting like a bully, and he does it to her." Patty pointed to Chloe as she made the statement. That evening, Goshie called Brunelle and said that "her students have reasons for behaving the way they do and that she does not like when staff speak [badly] of her students." From the tenor of the conversation and limited facts provided to her, Brunelle believed Goschie wanted her to be understanding and was led to believe that it was an isolated incident, and that Gavin's reported behavior toward Chloe was also an isolated incident from only that day. Because of these things, she chose not to make an issue of it.

31

Chloe, as a special needs student, is on an Individual Education Plan (IEP). The law requires that IEPs be reviewed and updated each year with input from school staff and parents. In January 2014, at Chloe's annual IEP meeting, Brunelle insisted that Chloe's behaviors be tracked and asked that Brunelle be notified of changes. Brunelle was never notified of any behavioral issues with Chloe at school, even as Chloe's behavior at home continued to worsen.

32

During the summer while she was away from the classroom, Chloe's behaviors de-escalated; her screaming, hitting, pinching, biting and kicking decreased dramatically. Her private therapists commented at her progress over the summer. They

RICK KLINGBEIL, PC
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

noted that Chloe increased her skills in all areas at a fast pace.

### 33

Soon after she found out about the abuse, Brunelle filed a police and DHS report, sent a letter to Superintendent Boynton detailing the bullying and abuse, and, a week before school started, Brunelle spoke with Nick Luppo, the new principal at Taft Elementary school.

### 34

All Defendants had a statutory duty to report abuse of a child to the appropriate entities. Because of the actions and misconduct of the supervisory and administrative defendants in this matter, Gavin's abuse of Chloe was never properly reported.

### 35

Protocols exist for holding special needs children responsible for actions such as abuse and bullying. Gavin was never held accountable for his behavior by defendants.

### 36

Because of defendants' failure and refusal to take appropriate action toward Gavin, or to report the abuse to the proper entities, including Brunelle, Chloe suffered long term and ongoing, yet avoidable, unnecessary, significant, and permanent injury and harm. This includes a setback in her emotional and educational development, emotional trauma, suffering, and permanent harm, a fear of others, sleeplessness, and general emotional and mental distress.

## FIRST CLAIM FOR RELIEF

## (Deprivation of Liberty - Violations of the Due Process and

RICK KLINGBEIL, PC
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

**Equal Protection Clauses of the Fourteenth Amendment to**

**the Constitution of the United States - 42 U.S.C. §1983)**

**(All Defendants)**

37

Plaintiff realleges paragraphs 1 through 36, and further alleges:

38

Under 42 U.S.C. §1983, Plaintiff has a right to bring a civil action for remedies in the district court of the United States to seek redress for acts taken under color of law that deprived her of rights, privileges, or immunities secured by the Constitution of the United States. 42 U.S.C. §1983 provides the authority under which Plaintiff now petitions this court damages for violations of the Fourteenth Amendment of the United States Constitution, as alleged herein.

39

As the direct and proximate result of Defendants' conduct, Chloe has suffered injuries and losses, including but not limited to emotional distress, and mental, emotional, and developmental injuries and losses.

40

Chloe's injuries and losses necessitated and/or continue to cause or necessitate economic damages or losses in the form of additional treatment by health care professionals, compensatory therapy and/or educational services, and expenditure of funds by and/or on behalf of Chloe in order to obtain such treatment, therapy, and services.

**Page** 14 **- COMPLAINT  (Civil Rights / Disability Discrimination, Oregon Abuse Act)**

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

41

Chloe has also suffered non-economic damages compensable in an amount to be determined by the jury at trial.

## SECOND CLAIM FOR RELIEF

### (Violations of Section 504 of the Rehabilitation Act of 1973,

### 29 U.S.C. §794 *et seq.*)

### (All Defendants)

42

Plaintiff realleges paragraphs 1 through 36, and further alleges:

43

Under Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. §794 ("Section 504"), Plaintiff has a right to bring a civil action in the district court of the United States to seek redress for the violations of rights protected under Section 504. Section 504 of the Rehabilitation Act provides that, "No otherwise qualified individual with a disability in the United States... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." See 29 U.S.C. § 794.

44

Under 42 U.S.C. §1983, Plaintiff has a separate right of action for civil remedies for acts taken under color of law that deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Together and separately, these statutes provide the authority under which Plaintiff now petitions this Court for

**Page** 15 **- COMPLAINT  (Civil Rights / Disability Discrimination, Oregon Abuse Act)**

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

compensation and money damages for the intentional violations of Section 504 alleged herein.

45

As the direct and proximate result of Defendants' conduct and violations of Section 504, Chloe has suffered injuries and losses, including but not limited to emotional distress, and mental, emotional, and developmental injuries and losses.

46

Chloe's injuries and losses necessitated and/or continue to cause or necessitate economic damages or losses in the form of additional treatment by health care professionals, compensatory therapy and/or educational services, and expenditure of funds by and/or on behalf of Chloe in order to obtain such treatment, therapy, and services.

47

Chloe has also suffered non-economic damages compensable in an amount to be determined by the jury at trial.

### THIRD CLAIM FOR RELIEF

### (Violations of the Americans with Disabilities Act,

### 42 U.S.C. §12131 *et seq.*)

### (All Defendants)

48

Plaintiff realleges paragraphs 1 through 36, and further alleges:

49

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

Under 42 U.S.C. §12133, Plaintiff has a right to bring a civil action in the district court of the United States to seek redress for the violations of rights protected under the Violations of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.* ("ADA"). The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." See 42 U.S.C. §12132.

50

Under 42 U.S.C. §1983, Plaintiff has a separate right of action for civil remedies for acts taken under color of law that deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Together and separately, these statutes provide the authority under which Plaintiff now petitions this Court for declaratory and injunctive relief, compensation, and money damages for the intentional violations of the Americans with Disabilities Act alleged herein.

51

As the direct and proximate result of Defendants' conduct and violations of the ADA, Chloe has suffered injuries and losses, including but not limited to emotional distress, and mental, emotional, and developmental injuries and losses.

52

Chloe's injuries and losses necessitated and/or continue to cause or necessitate economic damages or losses in the form of additional treatment by health care professionals, compensatory therapy and/or educational services, and expenditure of

RICK KLINGBEIL, PC
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

funds by and/or on behalf of Chloe in order to obtain such treatment, therapy, and services.

53

Chloe has also suffered non-economic damages compensable in an amount to be determined by the jury at trial.

**FOURTH CLAIM FOR RELIEF**

**(Violations of Oregon Abuse Act, ORS § 124.100, *et seq.*)**

**(All Defendants)**

54

Plaintiff realleges paragraphs 1 through 36, and further alleges:

55

Chloe was a vulnerable person as defined by ORS 124.100(1)(e).

56

ORS 124.100(2) provides for "bystander liability" in that "a vulnerable person who suffers injury, [or] damage *** by reason of physical abuse *** may bring an action against any person *** who has permitted another person to engage in physical *** abuse."

57

Defendants permitted Gavin to engage in physical abuse of Chloe and / or failed to take appropriate action to notify or report the abuse to others, all as detailed above, and are therefore liable under ORS 124.100(2).

58

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

As the direct and proximate result of Defendants' conduct and violations of ORS 124.100 *et seq.,* Chloe has suffered injuries and losses, including permanent injuries and harm.

59

Chloe's injuries and losses necessitated and/or continue to cause or necessitate economic damages or losses in the form of additional treatment by health care professionals, compensatory therapy and/or educational services, and expenditure of funds by and/or on behalf of Chloe in order to obtain such treatment, therapy, and services.

60

Chloe has also suffered non-economic damages compensable in an amount to be determined by the jury at trial.

61

Chloe is entitled to recover an amount equal to three times all economic damages resulting from the physical or financial abuse, or $500, whichever amount is greater.

62

Chloe is entitled to recover an amount equal to three times all noneconomic damages resulting from the physical or financial abuse.

63

Chloe is entitled to recover reasonable attorney fees incurred in this legal action.

64

**Page 19 - COMPLAINT  (Civil Rights / Disability Discrimination, Oregon Abuse Act)**

RICK KLINGBEIL, PC
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

Chloe is entitled to recover the reasonable fees for the services of a conservator or *guardian ad litem* incurred by reason of the litigation of a claim brought under this section.

**WHEREFORE**, Plaintiff asks for judgment against Defendants as follows:

**On Plaintiff's First through Third Claims for Relief for:**

1.  Past and future economic damages in an amount to be proven at trial, but currently believed to be approximately $25,000;

2.  Non-economic damages in an amount to be proven at trial, but currently believed to not exceed $250,000;

3.  Attorney fees incurred in pursuing each claim;

4.  Plaintiff's costs and disbursements;

5.  Any other relief deemed appropriate by the court.

**On Plaintiff's Fourth Claim for Relief for:**

1.  Three times the amount of Plaintiff's economic damages in an amount to be proven at trial, but currently believed to be approximately $25,000;

2.  Three times the amount of Plaintiff's non-economic damages in an amount to be proven at trial, but currently believed to not exceed $250,000;

3.  Attorney fees incurred in pursuing this claim;

/ / / / /

/ / / / /

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com

4.       Plaintiff's costs and disbursements;

5.       Any other relief deemed appropriate by the court.

**DATED**:  February 24, 2015.

**RICK KLINGBEIL, P.C.**

/s/ Rick Klingbeil

_____

Rick Klingbeil, OSB #933326
 of Attorneys for Plaintiff

**RICK KLINGBEIL, PC**
2222 NE Oregon St., #213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
email: rick@klingbeil-law.com